[No. 5140.]
[No. 2731 C. A.]

MITCHELL ET AL. v. DANIELSON ET AL.

1. Appellate Practice—Presumptions.

Where none of the facts on which the trial court acted in setting aside defendant's default appear in the record, it will be presumed that such order was properly made.—P. 64.

2. Taxes and Taxation—Payment by Purported Owner—Recovery from Owner.

The holder of a tax deed to a lot transferred his title to the original owner, who had his deeds recorded in the proper office, and later conveyed such lot to appellee. Subsequently, the former holder of the tax deed made another deed purporting to convey said lot to appellant; appellant, on January 9, 1892, paid

the taxes on said lot for the year 1891; and, on January 26 of the same year, appellee offered to pay such taxes to the county treasurer, but payment was declined on account of the previous payment. Held, that since such payment was not made on request of appellee and since there was no subsequent promise to repay, appellee cannot recover such payment with interests and penalties.—P. 66.

*Appeal from the District Court of Arapahoe County. Hon. F. T. Johnson, Judge.*

Action by Walter C. Mitchell and William T. Lambert against Ida Danielson and Anton Danielson. From a judgment in favor of defendants, plaintiffs appeal.                    *Affirmed.* .

Mr. W. C. Mitchell, for appellants.

Mr. John Hipp, for appellees.

Mr. Justice Gunter delivered the opinion of the court:

1.   The default of the defendants for failure to plead was entered. This was set aside by the court and defendants answered. Error is assigned upon this action of the court. The court is presumed to have proceeded rightly in making this order. None of the facts are before us upon which it acted, therefore the presumption of right action in making the order obtains.

2.   Only two other questions were presented to the lower court and these were: The ownership of lot 8, block 260, Clement's addition; and the right of plaintiffs to a personal judgment against defendants —appellees—for certain taxes paid by appellant Mitchell. At the close of the evidence the court entered judgment dismissing the action.

The complaint was in ejectment and by appellants against appellees. It properly presented as an issue the ownership of said lot. Whether the pleadings presented the second question—the right of ap-

pellants to recover a personal judgment for taxes paid—we will not discuss because, on the facts, there was no case for appellants. The admitted facts were these: October, 1877, Knox conveyed said lot to Lynch. June, 1876, a tax deed for the lot issued to Hallack. May, 1880, Hallack conveyed said lot to Lynch. By mesne conveyances the title of Lynch passed to appellee, Ida Danielson, before the institution of this action. Such deeds to Lynch were promptly placed of record in the proper office. After the deed from Hallack to Lynch was made and placed of record, Hallack, Dec., 1891, made a deed purporting to convey said lot to appellant Lambert. Jan. 9, 1892, Lambert paid taxes on said lot for the year 1891, amounting to $29.64. Jan. 26, 1892, appellees offered to pay such taxes to the county treasurer, but payment was declined by him because of the previous payment by Lambert. May, 1895, Lambert executed a quit-claim deed purporting to convey an undivided one-half interest in said lot to appellant Mitchell. Appellants asked below a personal judgment for $74.00 for the sum so paid by Lambert.

By the above stipulated facts it appears that appellee Ida Danielson was, at the time of the institution and trial of this action, the owner in fee and entitled to the possession of said lot, therefore, that the judgment on this point was right. We do not understand appellants to seriously controvert the correctness of the judgment on this point, but they insist that error was committed in not giving them a personal judgment for the said taxes. It appears from the above stipulated facts that at the time Lambert paid such taxes—Jan. 9, 1892—Ida Danielson was the owner in fee of said lot and in possession of the same, and that Lambert had no interest whatever in the lot, and that Lambert in making the payment was not acting at the request of Ida Danielson.

The gist of the matter is: Jan. 9, 1892, Lambert voluntarily paid the taxes on said lot for the year 1891, thereby preventing the owners of the lot from paying such taxes Jan. 26, 1892, and now asks a personal judgment, in favor of himself and Mitchell, for said sum with interest and penalties amounting to $74.00.

The payment was not made on request, nor was there a subsequent promise to repay. This being true there can be no recovery unless our statute has altered the law.—*Beach v. Vandenburgh,* 10 Johns 361; Waite's Actions and Defenses, vol. 4, pages 453-4.

There has been no change by our statute in this principle of law as applied to the present facts.

Judgment affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.